| | | | |
|---|---|---|---|
| **Name of Assigned Judge or Magistrate Judge** | John W. Darrah | **Sitting Judge if Other than Assigned Judge** | |
| **CASE NUMBER** | 03 C 6473 | **DATE** | 1/20/2004 |
| **CASE TITLE** | Franczyk vs. Cingular Wireless LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to stay the proceedings is entered and briefed as follows: plaintiff's response by 2/3/04, defendant's reply by 2/10/04. Status hearing set for 3/2/04. For the reasons stated in the attached memorandum opinion and order, plaintiff's motion to remand [5-1] and plaintiff's motion for costs and fees is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 2 1 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

ANNE FRANCZYK, on behalf of herself )
and all other similarly situated, )
 )
    Plaintiff, ) No. 03 C 6473
 )
v. ) Judge John W. Darrah
 )
CINGULAR WIRELESS, LLC, )
 )
    Defendant. )

DOCKETED
JAN 2 1 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Anne Franczyk, filed a class action suit in state court against Defendant, Cingular Wireless, alleging "failure to honor its contractual obligations and its deceptive billing practices" as to its Regulatory Cost Recovery Fee. Cingular subsequently removed the case to this Court. Presently before the Court is Franczyk's Motion to Remand.

In August 2003, Franczyk filed suit against Cingular in the Circuit Court of Cook County, Illinois. Count I of Franczyk's Complaint alleges that Cingular's policies and practices in connection with the Fictitious Fee violate the Illinois Consumer Fraud and Deceptive Business Practices Act. Count II alleges that Cingular breached its contract with Franczyk by unilaterally increasing Franczyk's monthly rate via the Fictitious Fee. Count III alleges a claim of unjust enrichment by Cingular via the Fictitious Fee. Count IV seeks an accounting for all expenses incurred in connection with the government-mandated initiatives to which the Fictitious Fee purportedly relates, all funds received and retained through cost-recovery mechanisms permitted under law, and all revenues generated by the Fictitious Fee.

13

A reading of Franczyk's Complaint supports the following summary of the alleged operative conduct of the parties.

Cingular entered into an agreement with Franczyk whereby it agreed to provide wireless phone service based upon an agreed-upon monthly rate. Under the agreement, Cingular was prohibited from unilaterally increasing the agreed-upon monthly rate. In addition to the monthy rate, Cingular could charge legitimate, government-mandated taxes, fees, and surcharges on a monthly basis in connection with wireless phone services. Cingular and Franczyk entered into such an agreement whereby Cingular promised to provide wireless phone services for the rate of $19.99 per month plus any legitimate government-mandated taxes, fees, and surcharges.

In May 2003, Cingular began billing Franczyk for a "Fictitious Cost Recovery Fee" of $0.60. Cingular disguised the Fictitious Fee as a government-mandated tax or fee by burying it in a list of government-mandated taxes, fees, and surcharges. The Fictitious Fee that appears on Franczyk's monthly bill is not a government-mandated tax, fee, or surcharge. Instead, the Fictitious Fee is an improper attempt by Cingular to pass on its cost of doing business as a government-regulated wireless carrier and an improper unilateral change in the contract between Cingular and Franczyk.

In September 2003, Cingular removed the instant suit to this Court on the grounds of complete preemption, substantial federal questions, and the artful pleading doctrine. Franczyk seeks to have the cause remanded to state court, arguing that removal was improper under all three grounds.

Removal to federal court is proper if the federal court would have had jurisdiction over the case when originally filed. 28 U.S.C. § 1441. Federal question jurisdiction exists over cases that "arise under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Generally,

a court determines whether a federal question exists by examining the face of the plaintiff's "well-pleaded" complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The plaintiff is the master of her own complaint and may seek to avoid federal court jurisdiction by pleading only state law claims. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983). However, when a complaint can be fairly read to state a federal question, the defendant may remove the case to federal court. *See* 28 U.S.C. § 1441; *Bastien v. AT & T Wireless Serv., Inc.*, 205 F.3d 983, 986 (7th Cir. 2000) (*Bastien*). In some instances, Congress has completely preempted a particular area where there is no room for any state regulation and the complaint is "necessarily federal in character." *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).

The Federal Communications Act of 1934, applicable to the instant case, provides, in pertinent part, that "no State or local government shall have any authority to regulate the entry of or the rates charged by any commercial mobile service or any private mobile service, except that this paragraph shall not prohibit a State from regulating the other terms and conditions of commercial mobile services." 47 U.S.C. § 332(c)(3)(A). The FCA also contains a savings clause that provides that the FCA does not abridge or alter remedies that existed at common law or by statute. *See* 47 U.S.C. § 414.

The Seventh Circuit considered these two statutory provisions and the complete preemption doctrine in *Bastien*. The Court found that "there can be no doubt that Congress intended complete preemption" by enacting 47 U.S.C. § 332(c)(3), and a plaintiff cannot "use the 'well-pleaded complaint' rule to shield himself from federal court jurisdiction ... if his complaint in fact challenges rates or market entry." *Bastien*, 205 F.3d at 986-87. Accordingly, if a case involves the entry of or the rates charged by any mobile service, complete preemption applies; and the federal court has

3

jurisdiction to hear the case. *See Bastien*, 205 F.3d 987.

The *Bastien* decision "provides district courts in the Seventh Circuit two points of guidance in determining whether federal jurisdiction" exists in complaints involving wireless telephone service. *See Alport v. Sprint Corp.*, 2003 WL 22872134 (N.D. Ill. Dec. 4, 2003) (*Alport*). The district court must look beyond the state causes of action and determine what would be the practical effect of granting relief. Second, federal preemption of wireless telephone service provider's "rates" encompasses a much broader area of conduct than simply how much money a provider charges for services. *See Alport*, 2003 WL 22872134 at * 3.

The courts in this district have applied *Bastien* when determining if a case was properly removed to federal court. In *Gilmore v. Southwestern Bell Mobile Sys.*, 156 F. Supp. 2d 916 (N.D. Ill. 2001) (*Gilmore*), the court found that the plaintiff's allegation that the defendant breached its contract with plaintiff by adding a fee to his monthly fee was a challenge to the appropriateness of the added fee and, therefore, a rate challenge that fell within federal jurisdiction. *See Gilmore*, 156 F. Supp. 2d at 924. Plaintiff's unjust enrichment claim was also found to be a challenge to the rate because it raised the question of whether the fee was unjust. *See Gilmore*, 156 F. Supp. 2d at 925. However, plaintiff's fraud claim, based on plaintiff's allegation that the defendant added the fee in an attempt to hide the increase in charges, was not a challenge to the rate and was not preempted by Section 332(c)(3). *See Gilmore*, 156 F. Supp. 2d at 924-25. Similarly, a plaintiff's challenge to a wireless provider's billing practice for roaming charges was found to be preempted because, in order to resolve the claim, the trier of fact would have to focus on the appropriateness of the amount defendant charged and whether that amount was unjust. *See Fedor v. Cingular Wireless Corp.*, 2001 WL 1465813 (N.D. Ill. Nov. 15, 2001).

4

On the other hand, plaintiff's claim of fraud, breach of an implied warranty of fitness for a particular purpose, and breach of an express warranty, based on alleged misrepresentation concerning the use of a timer within a wireless telephone, were not preempted by Section 332(c)(3) because the trier of fact would not have to determine whether the rate was unreasonably, unjustly applied or inappropriate in any way. *See Rosenberg v. Nextel Comm., Inc.*, 2001 WL 1491501 (N.D. Ill. Nov. 21, 2001).

In *Alport*, the plaintiff brought a four-count complaint against Sprint Corporation based on Sprint's adding a "Federal E911" charge (fee) on his monthly bill. The plaintiff alleged fraud, breach of contract, unjust enrichment, and sought an accounting for this improperly added charge. The *Alport* court found that removal was proper, stating, "Given *Bastien's* mandate that the FCA preempts a wide variety of state law challenges to wireless service billing practices, we find Alport's complaint concerning the propriety of the Federal E911 surcharge to be a rate challenge that fits squarely within the scope of federal jurisdiction." *See Alport*, 2003 WL 22872134 at *4.

As in *Alport*, Franczyk alleges fraud, breach of contract, unjust enrichment, and seeks an accounting for an alleged improperly added fee to her monthly bill. Looking past the form and language of the Complaint, the significant issue involved is the validity and legitimacy of the Fictitious Fee. Such issue is a rate challenge that is within the scope of this Court's jurisdiction. *See Bastien*, 205 F.3d at 986-87; *Gilmore*, 156 F. Supp. 2d at 924-25; *Alport*, 2003 WL 22872134 at * 4. Accordingly, Plaintiff's Motion to Remand is denied.[1]

---

[1] Franczyk cites numerous cases supporting her position that have found disagreement with the *Bastien* ruling. However, the authority that governs this Court's application of the law is the Seventh Circuit. This means that *Bastien* is controlling, even if the case may be subject to disagreement with other jurisdictions' interpretations of the FCA and the complete preemption doctrine.

Franczyk also seeks costs and fees, arguing that Cingular's bases for removal were contrary to well-settled law. In light of the above findings, Franczyk's argument is without merit; and costs and fees are denied.

For the reasons stated above, Plaintiff's Motion to Remand is denied. Plaintiff's request for costs and fees is also denied.

Dated: January 30, 2004

JOHN W. DARRAH
United States District Judge